UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| S&W FORECLOSURE CORP., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 4:09CV353 CDP |
| | ) |
| DAVID OKENFUSS, et al., | ) |
| | ) |
|     Defendants. | ) |

# MEMORANDUM AND ORDER

This interpleader action was removed from state court to this Court by the Internal Revenue Service on March 3, 2009. Plaintiff has sued four parties in this case: David Okenfuss, Stephanie Okenfuss, Village of Carriage Crossing, and the IRS. The IRS filed an answer and crossclaim against the other defendants. After three months of no activity in this case, I issued an Order on June 18, 2009, directing plaintiff to notify this Court whether the non-governmental defendants had been served. In response, plaintiff indicated that the Village of Carriage Crossing had been served and was in default for failing to answer or otherwise respond. Plaintiff asked for additional time to serve David Okenfuss, which I granted, and stated its belief that Stephanie Okenfuss intended to waive service. However, there is no indication in the file that Stephanie Okenfuss has waived service of plaintiff's complaint because she has never answered or entered her

appearance in this case.[1]  Moreover, despite obtaining additional time to serve David Okenfuss, plaintiff did not request an alias summons for service on David Okenfuss.  Plaintiff has now filed a motion to be paid its attorneys' fees and costs, to interplead the remaining funds, and to be dismissed from the action.  However, I cannot grant plaintiff the relief it seeks without plaintiff first obtaining service on the unserved defendants, or a verified declaration from them that they are waiving service and make no claim to the monies at issue in this case.  Therefore, I must deny plaintiff's motion without prejudice at this time.

For its part, the IRS obtained service of its cross-claim on both David and Stephanie Okenfuss.  Neither party has answered or filed a responsive pleading to the cross-claim, and their time for doing so has now expired.  They are therefore in default on the cross-claim.  The state court pleadings also reflect that the IRS properly served its cross-claim on the Village of Carriage Crossing, but no responsive pleading has been filed on its behalf.  The Village of Carriage Crossing is therefore in default on the IRS' cross-claim.

---

[1]The evidence of Stephanie Okenfuss' alleged waiver of service was filed in the state court case and appears as Exhibit 9 to the Notice of Removal filed in this case.  The evidence is simply a letter, apparently from Stephanie Okenfuss, to plaintiff's attorney stating that she is a lien holder on the property with a judgment against David Okenfuss for unpaid child support.  Although she claims that she was "sent" a copy of the state court petition, there is no evidence in the file that she was actually served a copy of the petition in this case, and there is certainly no indication that she intends to waive service of process or enter her appearance in this case through this letter.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall request alias summonses for service of process upon David and Stephanie Okenfuss within five (5) days of the date of this Order.

**IT IS FURTHER ORDERED** that the motion for attorneys' fees and costs [#13] is denied without prejudice.

**IT IS FURTHER ORDERED** that cross-claimant Internal Revenue Service shall, within fourteen (14) days of the date of this order, file appropriate motions for entry of default and for default judgment against all cross-defendants on its cross-claim, supported by all necessary affidavits and documentation, as well as proposed orders for the Court's consideration.

                                                        _____
                                                        CATHERINE D. PERRY
                                                        UNITED STATES DISTRICT JUDGE

Dated this 25th day of September, 2009.