UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| S & W FORECLOSURE CORP., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:09CV353 CDP |
| | ) |
| DAVID OKENFUSS, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

This interpleader action is before me on plaintiff's second motion for discharge and for attorney's fees and costs. The government has responded, opposing the request for fees and costs. For the following reasons, I will grant plaintiff's motion for dismissal upon its payment of the disputed funds into the Court's registry, but I must deny the requested fees and costs.

Plaintiff held a foreclosure sale on real property located at 16581 Carriage View Court in Wildwood, Missouri. After the sale, a surplus of $7,658.30 remained. Plaintiff then filed a petition for interpleader in state court on October 1, 2008 to resolve conflicting claims for the funds. Plaintiff's petition names the following as defendants, alleging that they may have a potential claim to the funds: David Okenfuss, the former owner of the property; Stephanie Okenfuss, subordinate lien holder; the Village of Carriage Crossing HOA, which filed a

Notice of Levy against David Okenfuss; and the Department of the Treasury, Internal Revenue Service, which filed a Notice of Federal Tax Lien against David Okenfuss in the amount of $9,812.20 for tax years 1999 and 2002.[1] The IRS removed the action to this Court on March 3, 2009 and filed its answer and cross-claim against the remaining defendants. Defendants David Okenfuss, Stephanie Okenfuss, and the Village of Carriage Crossing defaulted on plaintiff's complaint and the United States' cross-claim. Thus, the only remaining party asserting a claim to the disputed funds is the IRS, and as such is entitled to the funds. See South & Associates, P.C. v. Ford, 2008 WL 2906857 *1,*3 (E.D. Mo. July 24, 2008). Plaintiff does not assert any claim to the disputed funds, but it does request payment from the funds of its fees and costs associated with bringing the interpleader action and dismissal. The IRS opposes an award of fees or costs, arguing that such an award would reduce the amount that the government would recover under its prior claim based on a federal tax lien under 26 U.S.C. § 6321 and 6322, which exceeds the amount of the surplus funds.

The purpose of an interpleader action is to shield a disinterested stakeholder from the costs of having to defend against multiple suits, and from the risk of

---

[1] It is undisputed that the federal tax liens attached to David Okenfuss' property before this interpleader action was filed in state court.

multiple liability or inconsistent obligations when several claimants assert rights to a single stake.  See Essex Ins. Co. v. McManus, 2003 WL 21693659 *1 (E.D. Mo. May 30, 2003) (citing Dakota Livestock Co. v. Keim, 552 F.2d 1302, 1306-07 (8th Cir. 1977)).  Where a stakeholder is disinterested and has deposited the stake into the Court registry, the Court may dismiss it from the interpleader action, leaving the claimants to prosecute their conflicting claims.  See Essex, 2003 WL 21693659 at *1.  Normally, a stakeholder who brings an interpleader action is entitled to an award of attorney's fees an costs.  See Byers v. Sheets, 643 F. Supp. 695, 696-97 (W.D. Mo. 1986).  However, such an award is prohibited by the Internal Revenue Code if its effect "would be to diminish the amount recovered by the United States under a federal tax lien."  Millers Mut. Ins. Ass'n v. Wassall, 738 F.2d 302, 303 (8th Cir. 1984).  Here it is undisputed that the federal tax liens, which exceed the amount of the surplus funds, attached prior to the commencement of the interpleader action and thus had priority over any inchoate claim for attorneys fees arising out of that action.  See id.  Therefore, the Court must deny plaintiff's motion for attorney's fees and costs.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's second motion for attorney's fees and costs [#38] is granted **only in part**: plaintiff shall, pursuant to Fed. R.

Civ. P. 67(a), deposit the surplus funds from the foreclosure sale, including any accrued interest, with the Clerk of the Court. Once plaintiff has deposited the funds with the Court, it shall be discharged from all further liability related to them and dismissed from this suit. **Plaintiff's request for attorney's fees and costs is denied.**

**IT IS FURTHER ORDERED** that once the Clerk of the Court receives the funds from plaintiff, the Clerk of the Court shall issue a check for the full amount of the deposited funds to the United States of America, Department of the Treasury, Internal Revenue Service.

**IT IS FURTHER ORDERED** that this action is **dismissed**.

A separate Order of Dismissal will accompany this Order.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 6th day of January, 2010.